CHE L. HASHIM (SBN 238565)
**LAW OFFICES OF CHE L. HASIM**
861 Bryant Street
San Francisco, CA  94103
Telephone: (415) 487-1700
Facsimile: (415) 431-1312
Email: che.hashim.esq@gmail.com

Attorney for Plaintiff
JON DERRICK NAVARRO


MICHAEL C. SERVERIAN (SBN 133203)
**RANKIN, LANDSNESS,  LAHDE,
 SERVERIAN & STOCK**
96 No. Third Street, Suite 500
San Jose, California  95112
Telephone : (408) 293-0463
Facsimile : (408) 293-9514
Email: mserverian@rllss.com

Attorneys for Defendants
OFFICERS BRYAN STERKEL, CHRIS BELL,
MIKE GARCIA, CHRIS PILGER, CITY OF
SANTA CLARA (erroneously sued and served
as Santa Clara Police Department)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JON DERRICK NAVARRO, ) | Case No. CV 11-1700 LHK |
| ) | |
| Plaintiff, ) | **JOINT CASE MANAGEMENT STATEMENT** |
| ) | |
| vs. ) | Date:        July 29, 2011 |
| ) | Time:        1:30 p.m. |
| OFFICERS BRYAN STERKEL, ) | Dept.:       Courtroom 4, 5th Floor |
| CHRIS BELL, MIKE GARCIA, and ) | Judge:  Hon. Judge Lucy H. Koh |
| CHRIS PILGER, Santa Clara Police ) | |
| Department, in their individual ) | |
| capacities, and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff JON DERRICK NAVARRO through his attorney of record Che L. Hashim

of the Law Offices of Che L. Hashim and defendants OFFICERS BRYAN STERKEL,

CHRIS BELL, MIKE GARCIA, CHRIS PILGER, CITY OF SANTA CLARA (erroneously sued and served as Santa Clara Police Department), through their attorney of record Michael C. Serverian of Rankin, Landsness, Lahde, Serverian and Stock, submit this Joint Case Management Statement in accordance with the court's order in this matter.

**1.     Jurisdiction and Service:**

Plaintiff's Complaint alleges claims under 42 U.S.C. § 1983.  As such, subject matter jurisdiction of this Court appears proper under 28 U.S.C. § 1331.

**2.     Facts:**

   **A.     Plaintiff's Version:**

Plaintiff alleges that on April 7, 2009, defendants officers violated his civil rights. Plaintiff was driving near the intersection of Space Park Dr. and Scott Boulevard in Santa Clara when he was pulled over by defendant City of Santa Clara Police Officer Bryan Sterkel in regards to an armed robbery that had just taken place nearby.  Plaintiff did not fit the physical description of the alleged robbery suspect.  Nonetheless, Officer Sterkel suspected plaintiff was involved in the armed robbery.  He ordered plaintiff to put his hands on the steering wheel and plaintiff did.  When plaintiff began using a radio to call a co-worker at Allied Barton Security, Defendant Sterkel drew his handgun and placed it against plaintiff's head.  Other defendant officers pulled plaintiff out of his vehicle, tackled him to the ground, and assaulted him and battered him.  Plaintiff was then handcuffed and placed under arrest.  Criminal charges were subsequently dismissed.

Plaintiff alleges a violation of his Fourth and Fourteenth amendment rights based upon the fact that he was illegally detained, beaten and falsely arrested.

   **B.     Defendants Version:**

Defendants dispute that any constitutional violation occurred and assert that various doctrines of immunity preclude liability.

Defendants admit that at the time of the incident they were each acting in their capacity as law enforcement officers.  Defendants admit they were investigating an armed robbery call and the plaintiff was driving in the vicinity of the robbery.  Defendants admit

they detained plaintiff to determine whether he was involved in some capacity in the armed robbery. Defendants assert that plaintiff continually disobeyed verbal commands to keep his hands on the steering wheel. Plaintiff ignored other verbal commands. Defendants admit that plaintiff was taken from his vehicle but denies that there was any unreasonable police action or excessive force.

    **C.**    **Uncontested Facts:**

        1.    That on April 7, 2009, plaintiff and the defendant officers had contact.

        2.    That plaintiff was detained, questioned, and arrested.

        3.    That criminal charges were dismissed.

    **D.**    **Contested Facts**:

        1.    Whether there was probable cause to detain plaintiff.

        2.    Whether plaintiff was aggressive and/or confrontational.

        3.    Whether defendants' actions were reasonable.

        4.    Whether defendants' use of force was reasonable.

        5.    Whether defendants unnecessarily assaulted and battered plaintiff.

        6.    The nature and extent of the damages.

**3.**    **Legal Issues:**

As it relates to the Defendants, Plaintiff makes several allegations regarding violations of numerous constitutional rights, primarily under the Fourth and Fourteenth Amendment.

Defendants dispute that any constitutional violation occurred and assert that various doctrines of immunity preclude liability.

    **A.**    **Undisputed Issues of Law:**

        1.    Jurisdiction and venue are proper.

        2.    Applicable law consists of 42 U.S.C. § 1983.

        3.    Defendant officers acted under color of law.

**B.     Disputed Issues of Law:**

1.     Whether the arrest and/or detention of plaintiff constituted an unreasonable seizure and/or detention in violation of the Fourth Amendment.

2.     Whether the level of force used by the police officers against plaintiff constituted excessive use of force in violation of the Fourth Amendment.

3.     The application of any immunities (qualified immunity) afforded defendants under federal law.

**4.     Motions:**

**A.     Plaintiff's Anticipated Motions:**

Plaintiff may file a motion for summary judgment or summary adjudication.

**B.     Defendant's Anticipated Motions:**

Defendants anticipate the possibility of filing a motion for summary judgment/adjudication possibly based on qualified immunity depending on what facts/evidence are developed in discovery.

**5.     Amendment of Pleadings:**

Plaintiff does not currently anticipate amending any pleadings or adding parties in this matter.

**6.     Evidence Preservation:**

The parties do not anticipate any issues at this time with respect to evidence preservation.

**7.     Disclosures:**

Defendants have submitted their FRCP 26 disclosure.  The parties agree, Plaintiff will make his disclosure by July 29, 2011.

**8.     Discovery:**

The parties have not begun discovery.

Both sides anticipate serving Requests for Production of Documents, Interrogatories, Requests for Admission, and Deposition in this matter pursuant to the

federal rules. Plaintiff anticipates conducting written discovery, documentary discovery and depositions according to the following anticipated schedule:

    1. Interrogatories - 30 to each party.

    2. Document Demand - 30 to each party.

    3. Depositions 6 per side.

    4. Request for Admissions - 30 to each party.

**9.** **Class Actions:**

This is not a class action.

**10.** **Related Cases:**

The parties are not aware of any related cases.

**11.** **Relief:**

In his complaint, the Plaintiff submitted that he desires monetary compensation in an amount to be established at trial for the reasons set forth therein.

**12.** **Settlement and ADR:**

To date, the parties have not had any discussions regarding settlement but have agreed to ENE as the appropriate form of ADR.

**13.** **Consent to Magistrate Judge for All Purposes:**

The parties do not consent to a magistrate judge for all proceedings.

**14.** **Other References:**

The parties do not believe that this case is suitable for binding arbitration. This case does not require a special master or referral to the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues:**

Defendants anticipate that the following basic discovery in this matter that the issues will be ripe for a motion for summary judgment/adjudication. Plaintiff opposes this suggestion.

**16.     Expedited Schedule:**

Both sides agree that a discussion of expedited scheduling procedures is premature.

**17.     Scheduling:**

Both sides propose the following pre-trial and trial schedule:

| Task | Date |
|---|---|
| Expert Witness Disclosure: | March 13, 2012 |
| Rebuttal Expert Disclosure: | April 5, 2012 |
| Fact Discovery Cutoff | March 30, 2012 |
| Expert Discovery Cutoff | April 30, 2012 |
| Last day to Hear Dispositive Motions | May 14, 2012 |
| Last day to hear Non-Dispositive Motions | May 1, 2012 |
| Pretrial Conference | May 31, 20112 |
| Trial Date | June 11, 2012 |

The parties agree that the parties may disclose experts without written reports.

**18.     Trial:**

Both sides request a jury trial.  The parties estimate that the trial in this matter will take approximately 3-4 days depending on the issues and parties remaining.

**19.     Disclosure of Non-Party Interested Entities or Persons:**

None.

**20.     Other Information:**

The Plaintiff can think of no other matters to disclose at this moment to facilitate the just, speedy and inexpensive disposition of this matter.

Defendants have no other matters to disclose to facilitate the just, speedy and inexpensive disposition of this matter.

Dated: July 19, 2011                              LAW OFFICES OF CHE L. HASHIM

                                                  By: /s/ Che L. Hashim
                                                       CHE L. HASHIM
                                                       Attorney for Plaintiff
                                                       JON DERRICK NAVARRO

| | | |
|---|---|---|
| 1 | Dated: July 19, 2011 | RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK |
| 2 | | |
| 3 | | By: /s/ Michael C. Serverian |
| | | MICHAEL C. SERVERIAN |
| 4 | | Attorney for Defendants OFFICERS BRYAN STERKEL, CHRIS BELL, MIKE GARCIA, |
| 5 | | CHRIS PILGER, CITY OF SANTA CLARA (erroneously sued and |
| 6 | | served as Santa Clara Police Department) |