United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JON DERRICK NAVARRO,                         ) | Case No.: 5:11-CV-01700-LHK |
|                                              ) | |
|                        Plaintiff,            ) | |
|           v.                                 ) | |
|                                              ) | |
| OFFICERS BRYAN STERKEL, CHRIS BELL,          ) | |
| and MIKE GARCIA,                             ) | |
|                                              ) | |
|                        Defendants.           ) | |
|                                              ) | |
|                                              ) | |
| _____ ) | |

**FINAL JURY INSTRUCTIONS**

Dated: November 2, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

1

INSTRUCTION NO. 1
DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

2

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 2
BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 3
BURDEN OF PROOF -- CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

4

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 4
TWO OR MORE PARTIES -- DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

5

United States District Court
For the Northern District of California

INSTRUCTION NO. 5
WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 6
WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 7
DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 8
STIPULATIONS OF FACT

The parties have agreed to certain facts that have been read to you.  You should therefore treat these facts as having been proved.

United States District Court
For the Northern District of California

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 9
SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

10

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 10
VIOLATION OF FEDERAL CIVIL RIGHTS -- ELEMENTS AND BURDEN OF PROOF
(42 U.S.C. § 1983)

In order to prevail on his § 1983 claims against the defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendants acted under color of law; and

2. The acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all of the elements he is required to prove under these instructions, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 11
CAUSATION

In order to establish that the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

12

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 12
PARTICULAR RIGHTS -- FOURTH AMENDMENT –
UNREASONABLE SEIZURE OF PERSON –
EXCESSIVE (DEADLY AND NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest or detaining a person.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force in their detention and arrest of plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is objectively reasonable under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer(s) used excessive force in this case, consider all of the circumstances known to the officer(s) on the scene, including:

1. The severity of the crime or other circumstances to which the officer(s) were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer(s) or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer(s) had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of alternative methods to detain or arrest plaintiff.

INSTRUCTION NO. 13
DAMAGES -- PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s).  These damages are called compensatory damages.  You should consider the following:

1. The nature and extent of the injuries; and

2. The mental, physical, and emotional pain and suffering experienced to the present time;

3. The mental, physical, and emotional pain and suffering that will be experienced in the future with reasonable probability;

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

5. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

INSTRUCTION NO. 14
PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

15

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 15
NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

16

United States District Court
For the Northern District of California

INSTRUCTION NO. 16
DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

17

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 17
COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 18
RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No.: 5:11-CV-01700-LHK
FINAL JURY INSTRUCTIONS